IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KERRY JO LABRAYERE,

                    Plaintiff,

vs.                                    Case No. 15-1336-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits.   The matter has been fully briefed by the
parties.

## I.  General legal standards

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."   The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.   Glenn v. Shalala, 21 F.3d 983, 984

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.

(10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in

substantial gainful activity (SGA).  The claimant's physical or
mental impairment or impairments must be of such severity that
they are not only unable to perform their previous work but
cannot, considering their age, education, and work experience,
engage in any other kind of substantial gainful work which
exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential
evaluation process to determine disability.  If at any step a
finding of disability or non-disability can be made, the
Commissioner will not review the claim further.  At step one,
the agency will find non-disability unless the claimant can show
that he or she is not working at a "substantial gainful
activity."  At step two, the agency will find non-disability
unless the claimant shows that he or she has a "severe
impairment," which is defined as any "impairment or combination
of impairments which significantly limits [the claimant's]
physical or mental ability to do basic work activities."  At
step three, the agency determines whether the impairment which
enabled the claimant to survive step two is on the list of
impairments presumed severe enough to render one disabled.  If
the claimant's impairment does not meet or equal a listed
impairment, the inquiry proceeds to step four, at which the
agency assesses whether the claimant can do his or her previous
work; unless the claimant shows that he or she cannot perform

their previous work, they are determined not to be disabled.  If
the claimant survives step four, the fifth and final step
requires the agency to consider vocational factors (the
claimant's age, education, and past work experience) and to
determine whether the claimant is capable of performing other
jobs existing in significant numbers in the national economy.
Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of
the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th
Cir. 1993).  At step five, the burden shifts to the
Commissioner to show that the claimant can perform other work
that exists in the national economy.  Nielson, 992 F.2d at 1120;
Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The
Commissioner meets this burden if the decision is supported by
substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will
assess the claimant's residual functional capacity (RFC).  This
RFC assessment is used to evaluate the claim at both step four
and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g);
416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On June 20, 2014, administrative law judge (ALJ) Susan W.
Conyers issued her decision (R. at 15-26).  Plaintiff alleges
that she has been disabled since September 23, 2011 (R. at 15).

Plaintiff is insured for disability insurance benefits through September 30, 2016 (R. at 17).  At step one, the ALJ found that plaintiff engaged in substantial gainful activity (SGA) from January 1, 2013 to September 30, 2013.  However, there had been a continuous 12-month period during which plaintiff did not engage in substantial gainful activity.  The remaining findings address the periods in which plaintiff did not engage in SGA (R. at 17).  At step two, the ALJ found that plaintiff had severe impairments (R. at 17).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 19).  After determining plaintiff's RFC (R. at 20), the ALJ found at step four that plaintiff is able to perform past relevant work as an optometric assistant and administrative clerk (R. at 24).  In the alternative, at step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 25-26).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 26).

**III.  Did the ALJ err by not finding that plaintiff's impairments met or equaled listed impairment 1.04A?**

Plaintiff has the burden to present evidence establishing that his impairments meet or equal a listed impairment. Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005). In order for the plaintiff to show that his impairments match a

listing, plaintiff must meet "all" of the criteria of the listed impairment.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify.  Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 891 (1990)(emphasis in original).

In her brief, plaintiff argues that plaintiff's impairments equaled listed impairment 1.04A (Doc. 12 at 7-9).  That impairment is as follows:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1 (2016 at 464).  Medical equivalence is defined in 20 C.F.R. § 404.1526 (2016 at 381-382).  The determination of medical equivalence is to be based solely on medical findings.  Puckett v. Chater, 100 F.3d 730, 733 (10th Cir. 1996).

In her decision, the ALJ stated that plaintiff does not have "an impairment or combination of impairments that meets or

medically equals the severity of one of the listed impairments"
(R. at 19).   The ALJ went on to specifically discuss listed
impairment 1.04, and set forth her reasons for finding that this
listed impairment was not met or equaled on the facts of this
case (R. at 19-20).

The court will not reweigh the evidence or substitute its
judgment for that of the Commissioner.  Hackett v. Barnhart, 395
F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d
903, 905, 908, 909 (10th Cir. 2002).  Although the court will
not reweigh the evidence, the conclusions reached by the ALJ
must be reasonable and consistent with the evidence.  See Glenn
v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must
affirm if, considering the evidence as a whole, there is
sufficient evidence which a reasonable mind might accept as
adequate to support a conclusion).  The court can only review
the sufficiency of the evidence.  Although the evidence may
support a contrary finding, the court cannot displace the
agency's choice between two fairly conflicting views, even
though the court may have justifiably made a different choice
had the matter been before it de novo.  Oldham v. Astrue, 509
F.3d 1254, 1257-1258 (10th Cir. 2007).

The court finds no clear error in the ALJ's finding that
plaintiff's impairments do not meet or equal a listed
impairment, including listed impairment 1.04A.  There is no

medical opinion evidence that plaintiff's impairments equaled this listed impairment.  Furthermore, plaintiff has the burden of presenting evidence that demonstrates that her impairment meets or equals a listed impairment, and it is not at all clear that the evidence presented by plaintiff clearly demonstrates that her impairments equal listed impairment 1.04A.  The court will not reweigh the evidence, even if the evidence might support a contrary finding.  Substantial evidence supports the ALJ's finding that plaintiff does not have an impairment or combination of impairments that meet or equals a listed impairment, including listed impairment 1.04A.

**IV.  Did the ALJ err in making his RFC findings?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530

n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file. Wells v. Colvin, 727 F.3d 1061, 1071 (10th Cir. 2013).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence.  Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond meaningful judicial review.

Brown v. Commissioner of the Social Security Administration, 245
F. Supp.2d 1175, 1187 (D. Kan. 2003).

     The ALJ limited plaintiff to light work, with some
additional limitations (R. at 20).  In making her findings, the
ALJ gave partial weight to the opinion of Dr. Ericksen, who had
opined that plaintiff would be unable to complete an 8 hour
workday of sitting and standing on an ongoing basis.  The ALJ
stated that Dr. Ericksen provided no specific functional
limitations.  The ALJ gave great weight to the opinion of Dr.
Kaur, a state agency consultant, who limited plaintiff to
sedentary work.  The ALJ indicated that she limited plaintiff to
light work, stating that the treatment notes showed some
decreased range of motion and strength but were generally
unremarkable (R. at 23).  Plaintiff did not take issue with the
relative weight that the ALJ accorded to the medical opinions in
this case.

     Plaintiff takes issue with the ALJ's credibility findings
regarding plaintiff's impairments of her cervical spine, knees,
shoulder, and ability to feel and manipulate.  Plaintiff also
took issue with the ALJ's evaluation of the evidence regarding
plaintiff cleaning the basement and that she continued to work.

     Credibility determinations are peculiarly the province of
the finder of fact, and a court will not upset such
determinations when supported by substantial evidence.  However,

findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. <u>Kepler v. Chater</u>, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. <u>Owen v. Chater</u>, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in <u>Kepler</u>. <u>White v. Barnhart</u>, 287 F.3d 903, 909 (10th Cir. 2002); <u>Qualls v. Apfel</u>, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. <u>Bates v. Barnhart</u>, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. <u>McGoffin v. Barnhart</u>, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. <u>Hardman v. Barnhart</u>, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is

linked to specific findings of fact fairly derived from the record, will be affirmed by the court.  <u>White</u>, 287 F.3d at 909-910.

The ALJ discussed in some detail the medical records regarding her back and shoulders (R. at 21-22), and her legs (R. at 22).  The ALJ further discussed her credibility in light of the medical records and plaintiff's activities (R. at 23-24). This included a statement by the ALJ that the treatment records showed that she was able to clean her basement all weekend after it flooded.  The record cited to by the ALJ states that she had a difficult weekend, noting that their basement flooded and she had been cleaning, vacuuming and washing/drying towels (R. at 524).

Although the court has some concern with how the ALJ characterized some of the evidence, including plaintiff's activities, the court finds no clear error in the ALJ's credibility analysis on these matters, and the court will not reweigh the evidence.  As noted above, plaintiff did not take issue with the relative weight that the ALJ accorded to the medical opinion evidence.  The court finds that the balance of the ALJ's summary and evaluation of the evidence and her credibility findings are supported by substantial evidence in the record.  <u>Branum v. Barnhart</u>, 385 F.3d 1268, 1274 (10th Cir. 2004)("While we have some concerns regarding the ALJ's reliance

on plaintiff's alleged failure to follow a weight loss program
and her performance of certain minimal household chores, we
conclude that the balance of the ALJ's credibility analysis is
supported by substantial evidence in the record").

Plaintiff takes issue with the decision of the ALJ to limit
plaintiff to frequently feel and perform fine manipulation with
her non-dominant left hand (R. at 20). Dr. Ericksen did not
address this issue, and Dr. Kaur found no limitation with
fingering and feeling (R. at 114). An ALJ does not commit
reversible error by tempering medical opinions given substantial
weight by the ALJ for the claimant's benefit. The ALJ does not
have to provide an explanation for extending the claimant such a
benefit. Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).
Plaintiff fails to point to any medical opinion evidence that
clearly indicates that plaintiff's RFC should have included a
further limitation regarding plaintiff's ability to feel or
manipulate. Therefore, the court finds no error in this part of
the ALJ's RFC findings.

The ALJ also discussed the evidence from plaintiff's
employer, Dr. Sullivan. Dr. Sullivan indicated in a statement
dated November 4, 2013 that plaintiff has not really been able
to function satisfactorily even working part-time, and that he
estimated the value of her work was about 40% of what they were
paying her (R. at 783-785). The ALJ accorded little weight to

this opinion, stating that it was not reasonable to expect an employer to tolerate this level of decreased functioning for approximately eight months (R. at 23).

Following the ALJ decision, plaintiff submitted to the Appeals Council a statement from Dr. Sullivan, dated September 2, 2014, stating that they terminated her on May 15, 2014 because of poor performance and mistakes (R. at 407). The Appeals Council stated that they considered this additional evidence, but that they found that this information did not provide a basis for changing the ALJ's decision (R. at 2,4). Plaintiff argues that her termination demonstrates that greater weight should have been given to the opinions of Dr. Sullivan. Although a very persuasive argument, the ALJ and the Appeals Council decided that the evidence from Dr. Sullivan, her employer, was not fully credible. The ALJ accorded greater weight to other evidence, including the opinions of Dr. Kaur. This court will not reweigh the evidence.

**V.  Did the ALJ err in finding that plaintiff could perform other work in the national economy?**

At step four, the ALJ found that plaintiff could perform past work as an optometric assistant and administrative clerk (R. at 24). In the alternative, at step five, the ALJ found that plaintiff could perform other work in the national economy (R. at 25-26). In her brief, defendant conceded that the ALJ

14

erred in her step four findings (Doc. 17 at 3 n.4).  However,
when the ALJ makes proper findings at step five, any error at
step four will be deemed harmless error.  Martinez v. Astrue,
316 Fed. Appx. 819, 824 (10th Cir. Mar. 19, 2009); see Murrell
v. Shalala, 43 F.3d 1388, 1389-1390 (10th Cir. 1994).

At step five, the vocational expert (VE) opined the ALJ
found that plaintiff could perform the jobs of cashier (170,000
nationwide), small products assembler (87,500 nationwide), and
arcade attendant (129,000 nationwide), or a total of 386,500
jobs nationally (R. at 25-26, 84-85).  The statute and case law
are clear that the Commissioner must show that the claimant can
perform other kind of work that exists in significant numbers in
the national economy.  See Raymond v. Astrue, 621 F. 3d 1269,
1274 (10th Cir. 2009).  The proper focus generally must be on
jobs in the national, not regional, economy.  The Commissioner
is not required to show that job opportunities exist within the
local area.  Raymond v. Astrue, 621 F.3d at 1274.

In Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir.
1992), the court refused to draw a bright line establishing the
number of jobs necessary to constitute a "significant number."
The court set out several factors that go into the proper
evaluation of what constitutes a significant number, including
the level of a claimant's disability, the reliability of the VE
testimony, the distance claimant is capable of travelling to

engage in the assigned work, the isolated nature of the jobs, and the types and availability of such work.  Id.  Judicial line-drawing in this context is inappropriate, and the determination of a numerical significance entails many fact-specific considerations requiring individualized evaluation. Allen v. Barnhart, 357 F.3d 1140, 1144 (10th Cir. 2004).  The decision should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation.  Allen, 357 F.3d at 1144; Trimiar, 966 F.2d at 1330.  In Trimiar, the court found that the ALJ gave proper consideration to the factors that go into the evaluation of what constitutes a significant number, and upheld the ALJ's decision that 650-900 jobs in the state of Oklahoma constitutes a significant number of jobs.  966 F.2d at 1330-1332.

In Stokes v. Astrue, 274 Fed. Appx. 675, 683-684 (10th Cir. April 18, 2008), the court found that plaintiff could only perform 2 of the 4 jobs identified by the ALJ.  The court noted that 11,000 of those 2 jobs existed regionally, and 152,000 of those 2 jobs existed nationally.  The court found that no reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region in which the claimant lived or nationally.

On the facts of this case, the court finds that the ALJ clearly had a reasonable factual basis for finding that

plaintiff could perform other work in the national economy that
exists in substantial numbers.  The job of cashier alone had
170,000 jobs available nationally that plaintiff could perform.
In fact, no reasonable factfinder could have determined that
suitable jobs did not exist in significant numbers in the
national economy that plaintiff could perform.

IT IS THEREFORE ORDERED that the judgment of the
Commissioner is affirmed pursuant to sentence four of 42 U.S.C.
§ 405(g).

Dated this 17th day of February 2017, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

17